

# NUMBER 13-26-00432-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LAURA SALINAS FLORES AND DANIEL MUÑOZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relators Laura Salinas Flores and Daniel Muñoz seek to compel the City Council of the City of Donna "to order a November 2026 general election for the offices of Mayor, City Council Places 1 and 3, and Municipal Judge." Relators contend that, although the City of Donna's voters approved amendments to the City Charter by election held on November 2, 2021, increasing the terms for these

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

positions from three to four years, the City Council did not enter an order adopting the 2021 amendments to the City Charter until June 2025. Relators thus assert that these incumbents, who were elected in November 2023, were elected for three-year terms rather than four-year terms as provided by the amendments to the City Charter. *See* TEX. LOC. GOV'T CODE § 9.005(b) ("A charter or an amendment does not take effect until the governing body of the municipality enters an order in the records of the municipality declaring that the charter or amendment is adopted."). We deny the petition for writ of mandamus.[2]

"Mandamus is an 'extraordinary remedy' that is 'available only in limited circumstances.'" *In re Rogers*, 728 S.W.3d 717, 719 (Tex. 2026) (orig. proceeding) (per curiam) (quoting *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 580 (Tex. 2018)). "A writ of mandamus is available to correct a clear abuse of discretion for which there is no adequate remedy by appeal." *In re Lapuerta*, 732 S.W.3d 548, 555 (Tex. 2026) (orig. proceeding). We "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election." TEX. ELEC. CODE § 273.061(a); *see In re Dallas HERO*, 698 S.W.3d 242, 247 (Tex. 2024) (orig. proceeding); *In re Morris*, 663 S.W.3d 589, 593 (Tex. 2023) (orig. proceeding); *In re Petricek*, 629 S.W.3d 913, 917 (Tex. 2021) (orig. proceeding). However, the relator must have a clear legal right to performance of the act sought to be compelled, and the act sought to be compelled must be one that is clearly fixed and required by the law. *In re Dominguez*, 621 S.W.3d 899, 904 (Tex. App.—El Paso 2021, orig. proceeding) (per

---

[2] This Court has previously addressed other ramifications of the November 2, 2021 election for the City of Donna. *See In re Moreno*, No. 13-24-00404-CV, 2024 WL 3843520, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 16, 2024, orig. proceeding) (mem. op.) (conditionally granting mandamus relief and directing the City Council to hold a municipal election in 2024).

curiam); *In re Davis*, 607 S.W.3d 862, 865 (Tex. App.—Austin 2020, orig. proceeding); *In re Cercone*, 323 S.W.3d 293, 295 (Tex. App.—Dallas 2010, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the City Council, the reply, the record and supplemental record, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. While it would have been advisable for the City Council to act with more formality and clarity in approving the amendments through a specific written order, resolution, or ordinance, and to have acted with more alacrity in certifying the amendments, the record before the Court shows that the City Council entered an order in the City's records declaring that the 2021 amendments to the City Charter were adopted at its special meeting on November 8, 2021. *See* TEX. LOC. GOV'T CODE §§ 9.005(b), 9.007; *Hotze v. Turner*, 672 S.W.3d 380, 388–89 (Tex. 2023); *Minella v. City of San Antonio*, 437 F.3d 438, 440–41 (5th Cir. 2005); *In re Robinson*, 175 S.W.3d 824, 831–32 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
6th day of July, 2026.

3